UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                        :
IN RE:                                               :
      MARK MCKAY,                       :
                                                        :        No. 2:21-cv-4769
                                                        :
_____

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                      **March 24, 2022**
**United States District Judge**

## I.   INTRODUCTION

On October 19, 2021, pro se Plaintiff Mark McKay filed a letter with this Court in lieu of filing his Habeas Corpus petition.  *See* ECF No. 1.  Therein, McKay noted that the limitations period on his habeas petition would expire on October 21, 2021.  *See id.*  The letter requested an extension of time to file his habeas petition.  *See id.*

On November 5, 2021, this Court advised McKay in an Order that it could not grant an extension of the time for a petition not yet filed.  *See* ECF No. 3.  This Court construed McKay's letter as a petition for relief under § 2254 for the purpose of determining whether equitable tolling was warranted.  *See id.*  However, having concluded that McKay's letter did not present sufficient information to permit an analysis of equitable tolling, the Court denied McKay's request for extension, provided him a copy of the standard form for a § 2254 habeas petition, and ordered him to return the same within thirty days.  *See id.*

On January 3, 2022, McKay mailed several documents to the Court, which he indicated were "discovery" from his "civil case."  *See* ECF No. 4.  However, none of the documents included a petition for habeas corpus.  *See id.*  Accordingly, on January 6, 2022, this Court again

provided McKay with a copy of the standard § 2254 form and ordered him to return it within fourteen days.  *See* ECF No. 6.

As of the date of this Opinion, McKay has failed to respond to this Court's most recent Order or otherwise file an appropriate § 2254 petition.  Accordingly, after balancing of the *Poulis*[1] factors set forth below, McKay's matter is dismissed.

## II.   LEGAL STANDARD

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors.  *See Poulis*, 747 F.2d at 870.  These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868; *see also Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single *Poulis* factor is dispositive" and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

## III.   ANALYSIS

The first *Poulis* factor weighs in favor of dismissal because, as a pro se litigant, McKay is personally responsible for his actions.  *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The second factor weighs neutrally.  Although McKay's failure to file an appropriate § 2254 petition in this matter completely frustrates the resolution of this case, this Court lacks

---

[1]      *See Poulis v. State Farm Fire & Cas. Co*., 747 F.2d 863 (3d Cir. 1984).

sufficient information upon which to determine if any adversary has been prejudiced by McKay's failure to do so.  McKay's initial letter did not name any defendants.  Accordingly, in the absence of any identifiable defendants, this Court cannot say whether any adversaries have been so prejudiced.

As to the third factor, McKay has engaged in a history of dilatoriness.  *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.").  As early as November 5, 2021, this Court ordered McKay to file a § 2254 petition on the appropriate forms.  Having received no response, this Court ordered the same on January 6, 2022.  As of the date of this Opinion, no such petition has been received, nor has McKay endeavored to respond to the substance of this Court's Orders.

Regarding the fourth factor, because this Court has no explanation for McKay's dilatoriness, it is unable to determine whether the conduct is in bad faith.  This factor is therefore neutral.

Fifth, monetary sanctions are not an appropriate alternative to dismissal under these circumstances.

The final factor, the merit of the claims at issue, weighs neutrally.  Because McKay has not filed a petition containing any claims, this Court cannot opine on the merits thereof.

**IV.     CONCLUSION**

After weighing all the *Poulis* factors, this Court dismisses McKay's case.  This matter is now closed.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge